SITTON *v.* EVANS, Health Officer.

HAWKINS, Justice. 1. Until there has been a judgment in the trial court finally disposing of a cause, this court is without jurisdiction to entertain a writ of error complaining of a judgment overruling a demurrer to the answer. *Fugazzi* v. *Tomlinson*, 119 *Ga.* 622 (46 S. E. 831); *Bozeman* v. *Ward-Truitt Co.*, 141 *Ga.* 45 (80 S. E. 320); *Vanzant* v. *First National Bank of Polk County*, 164 *Ga.* 772 (2-a) (139 S. E. 537); *Miller Service* v. *Miller*, 201 *Ga.* 344 (39 S. E. 2d, 750).

2. In a mandamus case, such as this, where the plaintiff demurred to the answer and this demurrer was overruled, and the record is silent as to what judgment, if any, was entered in the main cause, the recitation in the bill of exceptions, "that if said order and judgment of said judge had been favorable to said plaintiff, instead of adverse to him and said

demurrer had been sustained, same would have resulted in a final dismissal and termination of said case, and therefore is proper subject-matter of a direct bill of exceptions to the Supreme Court of Georgia," is a legally impossible conclusion, since, had the judgment been rendered as contended by the plaintiff, it would have resulted only in the dismissal of the answer, and would have left the main cause pending in the court below for determination of the question as to whether the mandamus should be made absolute. The writ of error is, therefore, premature. *Irby* v. *Irby,* 167 *Ga.* 708 (146 S. E. 489).

*Writ of error dismissed. All the Justices concur.*

No. 16546. MARCH 16, 1949. REHEARING DENIED MARCH 28, 1949.

*Lucian J. Endicott,* for plaintiff.

*J. A. McCurdy,* for defendant.