### SHROPSHIRE, executor, *v.* BROOME.

HAWKINS, Justice. A caveat was filed to a proceeding to probate a will in solemn form, to which caveat the propounder interposed general and special demurrers. The case having been appealed from the court of ordinary to the superior court, the trial judge in the superior court entered an order and judgment overruling the demurrer to the caveat, and to this judgment only the propounder excepts by direct bill of exceptions, there being no assignment of error upon any judgment granting or refusing probate of the will. *Held:*

1. Although no motion has been made to dismiss the writ of error, "where it appears that this court is without jurisdiction to entertain the bill of exceptions, it cannot properly do otherwise than to dismiss the writ of error upon its own motion." *Etheridge* v. *Henderson*, 188 *Ga.* 189 (2) (3 S. E. 2d, 674); *Horton* v. *Walker*, 204 *Ga.* 319, 320 (5) (49 S. E. 2d, 900); *Simpson* v. *Simpson*, 204 *Ga.* 344 (49 S. E. 2d, 898); *Malsby* v. *Shipp*, 177 *Ga.* 54, 55 (3) (169 S. E. 308).

2. The judgment overruling demurrers to a caveat filed to the probate of a will in solemn form is not a final judgment, and would not have been final if it had been rendered as contended by the plaintiff in error, notwithstanding a recitation to that effect in the bill of exceptions, for the record fails to disclose any judgment granting or refusing probate of

314

the will, without which the case is still pending in the court below. Therefore, the writ of error must be dismissed. Code (Ann. Supp.), § 6-701; *Murphy* v. *Murphy,* 147 *Ga.* 175 (93 S. E. 89); *Goode* v. *Hays,* 145 *Ga.* 805 (89 S. E. 836); *Whiddon* v. *Hill,* 180 *Ga.* 430 (179 S. E. 104); *Sitton* v. *Evans,* 205 *Ga.* 152 (52 S. E. 2d, 599).

*Writ of error dismissed. All the Justices concur.*

No. 17189. SEPJEMBER 11, 1950. REHEARING DENIED OCTOBER 13, 1950.

*Wright, Rogers, Magruder & Hoyt,* for plaintiff in error.

*James Maddox, Hicks & Culbert,* and *Maddox & Maddox,* contra.