## 45856. DOWDY v. WHITE.

HALL, Presiding Judge. Propounder appeals from the judgment of the superior court (following an appeal to a jury trial from the ordinary's final order on a caveat) on the grounds that the appeal from the ordinary was not filed within the prescribed time and should have been dismissed.

A hearing on the caveat was held before the ordinary on July 1, 1968. He did not issue an order at that time but took the matter under advisement. The caveator's lawyer made periodic inquiries concerning the status of the case. The final order admitting the will to probate was issued on September 25, 1968. No notice or copy of the order was given the attorney for the caveator who discovered its existence during a chance encounter with the ordinary on October 7. When the ordinary learned that notice had not been sent, and realizing that the time for an appeal had run, he attempted to correct the situation by issuing a new order, dated October 8 which read: "Upon

---

reviewing the file by the court, it has been ascertained that the final order was entered on this matter on the date of September 25, 1968, and that amendment has been made by the court on October 8, 1968. . . It is further noted by the court that proper notification of the final order was not provided to Mr. Al Cochran; Therefore, the court on its own motion hereby enters an order nunc pro tunc re-opening the time for appeal by any of the parties. Appeal time to run from October 9, 1968 through October 14, 1968."

Both parties make spirited arguments on the issue of whether the court had the power to revise its order in a later term than the one in which it was rendered. It could be contended that the intent of *Code Ann.* § 81A-106 (c) is to do away with the limitation of terms of court insofar as possible. Thus, if the ordinary had vacated his previous final order (judgment) on meritorious grounds and issued a new one (after notice to all parties), the expiration of the September term would not have curtailed his power to do so. Here, however, the clear meaning of the October amendment is to reaffirm the original September order and to attempt to extend *from that time* (nunc pro tunc) the number of days for appeal. This the court did not have the power to do under § 81A-106 (c), which twice states that its provisions concerning terms apply "except as otherwise specifically provided by law."

The Supreme Court, in a similar case, has held that the method and procedure of an appeal from the court of ordinary is a special statutory proceeding not repealed by the Civil Practice Act, and that the four-day time limit on such appeals provided in *Code* § 6-202 is unaffected by the Civil Practice Act. The court further stated, "It cannot avail the caveators that their counsel resided out of the city wherein the court of ordinary was held and that the ordinary did not notify counsel by mail of the rendition of the judgment against the caveators until two days after the judgment was rendered, so that they did not receive notice of its rendition until the last day upon which an appeal could be taken. It is fundamental that it is the duty of counsel who have cases pending in court to keep themselves informed as to the progress of the cases so that they may take whatever

actions may be necessary to protect the interests of their clients." *Bragg v. Bragg*, 225 Ga. 494, 496 (170 SE2d 29).

In our opinion it is unrealistic in the year 1971 to expect a busy lawyer to check the courthouse records every single day for the status of his cases, and that the court ought to provide actual and prompt notice of the rendition of a final order or judgment. Nevertheless, we are constrained by the case law of Georgia to ignore the realities and hold that the superior court erred in failing to grant the appellant's motion to dismiss the appeal.

*Judgment reversed. Eberhardt and Whitman, JJ., concur.*

SUBMITTED JANUARY 12, 1971—DECIDED APRIL 14, 1971—
REHEARING DENIED APRIL 29, 1971.

*David H. Fink*, for appellant.
*Cochran, Camp, Snipes & Jose, J. A. Cochran*, for appellee.