A93A0844, A93A0845. JONES et al. v. WALKER et al.;
and vice versa.
(433 SE2d 726)

COOPER, Judge.

This appeal and cross-appeal arise out of an action for personal injuries resulting from a collision between two horses entered in the Georgia Hunter Jumper Horse Show. The trial court's partial grant and denial of summary judgment motions form the basis for these

appeals.

Appellants are the parents of a minor daughter who was severely injured when the horse she was riding collided with Jock's Joy, a horse owned by appellee Diane Walker ("Mrs. Walker") and ridden by Elizabeth Warmington ("Warmington"). The collision occurred in a warm-up ring where both horses were being ridden prior to the beginning of the horse show. Although the warm-up ring was crowded with other horses, there was no one present to control the flow of horses into, out of, and around the ring. As Jock's Joy completed one of his practice jumps, he collided with the horse ridden by appellants' daughter.

In June 1990, appellants filed a lawsuit against the operators of the horse show, the horse show association, Warmington, Mrs. Walker and her husband. The operators of the horse show and the horse show association subsequently entered into a settlement agreement with appellants, and the action was dismissed with prejudice as to those defendants. Mr. and Mrs. Walker are the only appellees, and the case remains pending as to Warmington.

Appellants alleged that Warmington was negligent in causing the collision and that appellees were vicariously liable for the actions of their employee or agent, Warmington. The deposition testimony of Mrs. Walker and Warmington reveals that Mrs. Walker and Warmington had a business relationship whereby Warmington provided various horse boarding services for Jock's Joy in exchange for a monthly fee. Although the decision to enter the horse show was made jointly by Warmington and Mrs. Walker, Warmington was a more experienced rider than Mrs. Walker, and it was decided that Warmington would ride Jock's Joy during the show. Warmington made the decisions about the manner in which Jock's Joy would be ridden, how much warmup he needed and the manner in which the warmup would be conducted. The evidence also reflects that during the warmup, Warmington exercised complete control over Jock's Joy. Appellees moved for summary judgment on the grounds that Warmington was an independent contractor. Appellants amended their complaint to allege direct negligence on the part of Mrs. Walker in allowing her horse to participate in the horse show under dangerous conditions. The amended complaint further alleged that Mr. Walker was vicariously liable for the direct negligence of Mrs. Walker. In November 1991, the trial court granted partial summary judgment to appellees on the issue of vicarious liability for the negligence of Warmington and denied summary judgment to appellees on the issues related to the direct negligence of Mrs. Walker. Appellants did not appeal the grant of partial summary judgment against them, and the trial court denied appellees' request for a certificate of immediate review from the court's partial denial of their motion for summary judgment.

In February 1992, appellants filed the following: a motion for reconsideration of the order granting partial summary judgment to appellees on the vicarious liability issues; an amended complaint which alleged that under the master/servant theory, appellees were liable for the negligent acts of Warmington and also that Mr. Walker was liable under the family purpose doctrine; and a motion for partial summary judgment on the vicarious liability issues. Appellees filed a motion to reconsider the November 1991 order which denied summary judgment on the issue of Mrs. Walker's direct negligence. As the judge who entered the November 1991 order was no longer handling the case, the subsequent motions were orally argued before another judge. Following the hearing, the new trial judge entered an order finding that appellants had not set forth any new facts supporting a finding that Warmington was not an independent contractor and that the first judge had properly entered summary judgment for appellees on the issue of vicarious liability. The judge also found that an issue of fact remained as to Mrs. Walker's direct negligence but further ruled that there was no basis for an action against Mr. Walker and dismissed the case as to Mr. Walker. Accordingly, in an order entered September 21, 1992, the trial court denied appellants' motion for reconsideration of the November 1991 order, denied appellants' motion for partial summary judgment on the issue of vicarious liability and denied appellees' motion for reconsideration of the November 1991 order as to Mrs. Walker. The trial court's order stated that the action would proceed against Warmington and Mrs. Walker on the theory of their individual and direct negligence.

*Case No. A93A0844*

1. In Case No. A93A0844, appellants appeal from the September 1992 order granting summary judgment to Mr. Walker and denying appellants' motion for reconsideration and motion for partial summary judgment. Appellants also purport to appeal from the November 1991 order granting partial summary judgment to appellees on the issue of vicarious liability for Warmington's negligence. However, since that order was directly appealable (see OCGA § 9-11-56 (h)) but was not appealed within 30 days after it was entered (OCGA § 9-11-56 (h)), it can now only be appealed after a final judgment has been entered. *Olympic Dev. Group v. American Druggists' Ins. Co.*, 175 Ga. App. 425 (1) (333 SE2d 622) (1985). Furthermore, " ' "[i]t has repeatedly been held that . . . a motion for reconsideration does not extend the time for filing a notice of appeal. . . ." (Cits.)' [Cit.]" *Cleveland v. Fulton County*, 196 Ga. App. 168, 170 (2) (396 SE2d 2) (1990). Moreover, appellants' motions for reconsideration and partial summary judgment raise the exact same issues of vicarious liability

which were previously decided in the trial court's order granting partial summary judgment to appellees. Consequently, review of the denial of those motions would effectively allow appellants to circumvent *Olympic*. We thus conclude that, because they present identical issues, appellants' appeal from the denial of their motions for reconsideration and partial summary judgment as well as from the 1991 order granting partial summary judgment to appellee must be dismissed.

2. In what remains of their appeal, appellants contend that the trial court erred in granting summary judgment to Mr. Walker under their theory that Mr. Walker was vicariously liable for the direct negligence of Mrs. Walker and for the negligence of Warmington under the family purpose doctrine. The evidence reflects that Mr. Walker gave Jock's Joy to Mrs. Walker as a gift and had no other involvement with the horse other than to pay bills for the upkeep of the horse. Mr. Walker did not exercise any control over the horse at any time and considered the horse to be the exclusive property of Mrs. Walker. Appellants' reliance on the family purpose doctrine is misplaced inasmuch as that doctrine has only been applied in the automobile context, and we decline to extend it to cases involving animals. Moreover, the evidence does not support appellants' contention that Jock's Joy was maintained for a family purpose. See *Keith v. Carter*, 172 Ga. App. 588 (323 SE2d 886) (1984).

### Case No. A93A0845

3. In her cross-appeal, Mrs. Walker contends that she was entitled to judgment as a matter of law on the issue of her direct negligence. The evidence revealed that Mrs. Walker had some experience with horses and horse shows, that she knew the warm-up ring was crowded and that she thought it looked dangerous. Considering those facts, we conclude that there was a question of fact regarding whether Mrs. Walker, as the owner of Jock's Joy, was negligent in allowing her horse to continue participating in the horse show. Accordingly, summary judgment was not appropriate. See *Harvey v. McLaughlin*, 198 Ga. App. 105 (1a) (400 SE2d 635) (1990).

*In Case No. A93A0844, judgment affirmed in part, appeal dismissed in part. In Case No. A93A0845, judgment affirmed. McMurray, P. J., and Beasley, P. J., concur.*

#### DECIDED JULY 15, 1993.

*Smolar, Roseman, Brantley & Seifter, Yehuda Smolar, Barry L. Roseman, Thomas A. Rice*, for appellants.
*Savell & Williams, John C. Parker, Brian J. Buckelew*, for ap-

pellees.