### A98A0659. McCONNELL et al. v. MOORE.
(503 SE2d 593)

BEASLEY, Judge.

The question is whether a motion for attorney fees under OCGA § 9-15-14 was timely. In July 1995, appellee Don Moore offered Jane Ware McConnell's will for probate in solemn form in the Probate Court of Rabun County. In response, appellants William McConnell, her nephew, and Jane Alexander, her niece, filed a caveat. By consent order the case was transferred to superior court. On September 9, 1996, the court granted Moore's motion for summary judgment on the caveat. The caveators sought review of that decision in the Supreme Court and the decision was affirmed.[1]

After the remittitur was returned, the superior court entered an order on June 18, 1997 admitting the will to probate. Forty-four days later, and over ten months after summary judgment was entered, Moore filed a motion for attorney fees under OCGA § 9-15-14. Caveators responded and filed their own OCGA § 9-15-14 motion on the ground that Moore's motion was frivolous in that it was time-barred because it was filed more that 45 days after final disposition of the caveat in the trial court. The court denied Moore's motion as time-barred and denied the caveators' motion without any stated reason. We granted the latter's application for a discretionary appeal of the denial of their motion. Moore does not appeal.

A motion for fees under OCGA § 9-15-14 may be filed "at any time during the course of the action but not later than 45 days after

---

[1] *McConnell v. Moore*, 267 Ga. 839 (483 SE2d 578) (1997).

the final disposition of the action."[2] Pivotal is whether final disposition of the action occurred at the granting of Moore's motion for summary judgment or at entry of the order admitting the will to probate.

In *Fairburn Banking Co. v. Gafford*,[3] the Supreme Court held that "final disposition of the action" under OCGA § 9-15-14 is equivalent to final judgment as defined in OCGA § 5-6-34 (a) (1). The court determined that final disposition did not include the normal appellate process after final judgment in an action.[4] In harmony with that decision, the Court of Appeals held that when the trial court has directed final judgment under OCGA § 9-11-54 (b) on one or more but fewer than all of the claims or parties, it is a final disposition of the action for purposes of OCGA § 9-15-14 (e).[5] The Court of Appeals distinguished the appealability of non-final grants of summary judgment as " 'an exception to the finality rule.' "[6]

Appellants argue that the rule in *Fairburn Banking* is controlling in this case. Their reasoning is backwards. In essence they contend that because they have already directly appealed the grant of summary judgment, it must have been a final judgment, and a motion for fees cannot be filed after the appeal of a final judgment. However, the direct appeal of the loss of their caveat on summary judgment was specifically authorized by OCGA §§ 5-6-34 (a) (8) and 9-11-56 (h), not by OCGA § 5-6-34 (a) (1). Even though the grant of summary judgment was directly appealable, there is no reason to construe the Supreme Court's consideration of it as a final judgment under OCGA § 5-6-34 (a) (1). In fact it was not, as subsequent events in the history of the case showed. *Fairburn Banking* did not hold that "final disposition" under OCGA § 9-15-14 means any order that may be directly appealed in accordance with subsections (2) through (8) of OCGA § 5-6-34 (a).[7] The appealability of the grant of summary judgment, provided for in the law of summary judgment, is merely a practical accommodation; the losing party has the option of appealing then or after final judgment. Recognizing it as an *exception* to the rule requiring final judgment in order to appeal demonstrates its character as interlocutory and not a final judgment, when the trial court certifies it as such under OCGA § 9-11-54 (b). *Culwell v. Lomas & Nettleton Co.*, 242 Ga. 242 (248 SE2d 641) (1978); *Jones v. Walker*, 209 Ga. App. 532, 534 (1) (433 SE2d 726) (1993). That was not done

[2] OCGA § 9-15-14 (e).
[3] 263 Ga. 792 (439 SE2d 482) (1994).
[4] Id. 263 Ga. at 793.
[5] *Little v. Gen. Motors Corp.*, 229 Ga. App. 781 (495 SE2d 572) (1997). See also *Gist v. DeKalb Tire Co.*, 223 Ga. App. 397, 398 (1) (477 SE2d 616) (1996) ("final disposition of the action" under OCGA § 9-15-14 is not extended by a post-judgment motion to set aside).
[6] (Citations omitted.) *Little*, supra at 782-783.
[7] *Fairburn Banking Co. v. Gafford*, supra.

in this case.

In other words, although one may directly appeal the grant of summary judgment, OCGA § 9-11-56 (h), that right exists by law even though the order is not a final judgment; the law does not reclassify the grant of summary judgment while the case remains pending, as a final order.[8] The same holds true for appeal of the dismissal of a caveat under OCGA § 5-6-34 (a) (8). Code § 6-701, the predecessor of OCGA § 5-6-34, was amended in 1957 to include authorization of direct appeals for judgments "sustaining or overruling a general demurrer to a caveat to the probate of a will, which would necessarily be controlling as to the final disposition of the cause."[9] Before this amendment, an order striking a caveat on general demurrer was not directly appealable.[10]

Under *Fairburn Banking*, a "final disposition of the action" under OCGA § 9-15-14 means "where the case is no longer pending in the court below."[11] Moore's motion for summary judgment on the caveat arises out of an action to probate a will which is a "[c]ourt procedure by which a will is proved to be valid or invalid." Black's Law Dictionary, 5th ed., p. 1081. Under Georgia law the meaning is specific: Probate "decides merely upon the factum of the will," i.e., whether there is a will or not.[12] In such an action, admitting the will to probate is considered the final order.[13]

Moore, as propounder of the will, petitioned the court seeking (1) leave to probate the will in solemn form, (2) notice to heirs, (3) admittance of the will to record, and (4) issuance of letters testamentary. The order granting summary judgment merely stated that Moore's motion for summary judgment "in the matter of the will of Jane Ware McConnell is hereby GRANTED." The June 1997 superior court order provided that the will "be admitted to probate," and the entire file transferred back to the Rabun County Probate Court "for any further proceedings necessary to the probate of the Will . . . and the appointment of Don Moore as Executor." At that time, the case ceased pendency in the superior court. Because Moore's motion for

---

[8] *Whisenhunt v. Allen Parker Co.*, 119 Ga. App. 813, 816 (1) (168 SE2d 827) (1969).

[9] Ga. L. 1957, pp. 224, 230.

[10] *Driver v. Sheffield*, 210 Ga. 817 (2) (82 SE2d 847) (1954) (without judgment awarding or refusing probate of the will, or dismissing the appeal, but only an order striking the caveat on general demurrer, no appeal may be taken); *Shropshire v. Broome*, 207 Ga. 313 (61 SE2d 284) (1950) (without judgment granting or refusing probate of will, the case is still pending in the court below).

[11] OCGA § 5-6-34 (a) (1).

[12] *Smith v. Davis*, 203 Ga. 175 (1) (a) (45 SE2d 609) (1947).

[13] See, e.g., *Dismer v. Luke*, 228 Ga. App. 638 (492 SE2d 562) (1997) (order granting petition to probate will and admitting the will to probate which implicitly denied the caveat was a final judgment); *Dowdy v. White*, 123 Ga. App. 729 (182 SE2d 517) (1971) (order admitting the will to probate considered final order).

fees was filed within 45 days of the superior court order admitting the will to probate, it was timely. Accordingly, appellants' counter-motion for fees was properly denied.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED MAY 28, 1998 — 

*Gary C. Harris*, for appellants.

*Adams, Clifton, Sanders & Smith, Cecil L. Clifton, Jr.*, for appellee.