41261. FRICKS et al. v. COLE.

FRANKUM, Judge. It is the duty of this court to inquire into its jurisdiction, and where it appears that jurisdiction is lacking, the court should dismiss the writ of error, even though the defendant in error has made no motion to dismiss. *Personal Credit Corp. v. Goldwire,* 88 Ga. App. 125 (76 SE2d 129). Service of a copy of the bill of exceptions on the defendant in error or his attorney after it has been certified by the trial court, or due and legal waiver or acknowledgment thereof by the defendant in error or his counsel is essential to give the appellate court jurisdiction to consider the errors assigned. *Code Ann.* § 6-911; *South Side Atlanta Bank v. Anderson,* 200 Ga. 322 (37 SE2d 404). Accordingly, where, as in this case, there is no acknowledgment of service signed by the defendant in error or his attorney attached to the bill of exceptions, nor is there a certificate of service appended thereto, the writ of error must be dismissed. *Ray v. Edwards,* 106 Ga. App. 270 (126 SE2d 647); *Johnston v. First Nat. Bank of Brunswick,* 220 Ga. 340 (138 SE2d 670); *Warnock v. Woodard,* 183 Ga. 367 (188 SE 336); *Izlar v. Central of Ga. R. Co.,* 162 Ga. 558 (134 SE 315).

*Writ of error dismissed.* *Bell, P. J., and Hall, J., concur.*

SUBMITTED APRIL 7, 1965—DECIDED APRIL 29, 1965.

636

*Parker, Clary & Kent, Horace T. Clary,* for plaintiffs in error.
*Wright, Walther & Morgan, Clinton J. Morgan,* contra.