### S93A1269. FAIRBURN BANKING COMPANY v. GAFFORD et al.
(439 SE2d 482)

Benham, Justice.

After this court affirmed without opinion the judgment against appellant (*Fairburn Banking Co. v. Gafford,* 262 Ga. XXVIII (1992)), appellees filed a motion in the trial court for attorney fees pursuant

---

to OCGA § 9-15-14 on the ground that appellant's original complaint lacked substantial justification. The trial court granted the motion, interpreting the Code section to permit a motion for attorney fees to be made within 45 days of the final disposition of the case on appeal. To decide whether the phrase "final disposition of the action," as used in OCGA § 9-15-14 (e),[1] means the final judgment of the trial court or the final decision in the case on appeal, we granted appellant's application for discretionary appeal.[2]

Appellant contends that the phrase "final disposition" in the statute should be considered to be synonymous with the phrase "final judgment" as it is used in OCGA § 5-6-34 (a) (1), "that is to say, where the case is no longer pending in the court below . . . ." Appellees argue, on the other hand, that the phrase "final disposition" refers to the completion of the underlying litigation through the appellate process. In support of that argument, appellees assert that the filing of a notice of appeal suspends the trial court's power to take further steps to enforce the judgment.

After consideration of both positions, we find the position advanced by appellant to be more appropriate and to be more consistent with other statutory provisions. With regard to the latter, we note that OCGA § 9-15-14 has been held not to authorize the imposition of attorney fees and expenses of litigation for proceedings before an appellate court of this state because there is another statute, OCGA § 5-6-6, which provides for the imposition of damages and penalties for conduct before an appellate court. *Dept. of Transp. v. Franco's Pizza*, 200 Ga. App. 723 (5) (409 SE2d 281) (1991). That being so, the possibility that one party may engage in conduct during the appellate process which would entitle the second party to an award of attorney fees is no reason to permit the second party to wait to file a motion for attorney fees in the trial court until after the appeal is over. In light of this court's holding in *Betallic*, supra, that an award under the Code section is not limited to the prevailing party, there is also no need to wait for an appeal to conclude so that the trial court can be sure which party will prevail. There are issues such as discovery disputes which occur during litigation which might well warrant an award to the non-prevailing party and will be unaffected by the appellate process. Furthermore, appellees' concern about the trial court's loss of jurisdiction after the filing of a notice of appeal is

---

[1] OCGA § 9-15-14 (e): "Attorney's fees and expenses [of litigation] under this Code section may be requested by motion within 45 days after the final disposition of the action."

[2] In *Deavours v. Hog Mtn. Creations*, 207 Ga. App. 557 (3) (428 SE2d 388) (1993), the Court of Appeals reversed an award of attorney fees because although there had been a counterclaim based on § 9-15-14, there had been no motion for attorney fees filed within 45 days after disposition of the case in the trial court. That part of the Court of Appeals' holding was affirmed in *Betallic, Inc. v. Deavours*, 263 Ga. 796 (439 SE2d 643) (1994).

unfounded: while a trial court is without jurisdiction to modify or enforce a judgment during the period of supersedeas, it has jurisdiction to consider other matters in the case and even to conduct a trial, subject to the peril that a decision which conflicts with that of the appellate court will be made nugatory. *Cohran v. Carlin*, 249 Ga. 510 (291 SE2d 538) (1982). Finally, requiring that the question of entitlement to attorney fees be presented to the trial court shortly after the case has concluded in that court has the virtue of raising the issue while the trial court's memory of events is still fresh.

For the reasons stated above, we hold that there is a "window of opportunity" for seeking attorney fees under OCGA § 9-15-14 which begins with the entry of final judgment as defined in OCGA § 5-6-34 (a) (1) and ends 45 days later. Since the motion which the trial court granted in the present case was not filed within that window of opportunity, the trial court lacked jurisdiction to consider it. The award to appellees was, therefore, error.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 7, 1994.

*Kirby G. Bailey,* for appellant.
*Crudup & Hendricks, Edward A. Crudup, Jr.,* for appellees.