A96A1590, A96A1887. GIST v. DeKALB TIRE COMPANY, INC.;
and vice versa.
(477 SE2d 616)

BLACKBURN, Judge.

This appeal and cross-appeal address the deadline for filing a motion for sanctions under OCGA § 9-15-14.

Robert A. Gist, an attorney, was dissatisfied with a set of allegedly defective tires sold to him by DeKalb Tire Company (DeKalb Tire). After Gist rejected DeKalb Tire's offer to replace the tires, he commenced a suit against DeKalb Tire, its salesman, and the tire manufacturer in Fulton County. In December 1993, Gist dismissed the Fulton County suit without prejudice. A motion for sanctions regarding the matter was never filed in the Fulton County court.

In August 1994, Gist refiled his claim in DeKalb County, proceeding pro se. When Gist failed to appear at a hearing on a motion to compel — which he himself had noticed — the DeKalb County court dismissed his complaint for lack of prosecution. After the dismissal was entered on May 30, 1995, Gist filed a motion to set it aside which the trial court denied by order entered June 29, 1995.

On July 24, 1995, DeKalb Tire filed a motion for sanctions in the DeKalb County court seeking to recover fees and expenses incurred in both the Fulton and DeKalb County actions. This motion was filed more than 18 months after the conclusion of the Fulton County suit, 55 days after the dismissal of the DeKalb County action, and 25 days after Gist's motion to set aside the DeKalb County action's dismissal was denied. Gist contended that, pursuant to the deadline set forth in OCGA § 9-15-14, the motion for sanctions was untimely as it should have been filed within 45 days of the DeKalb County case's dismissal. The trial court rejected this argument and awarded DeKalb Tire $34,205.69 for fees and expenses it incurred in defending the DeKalb County action. However, the trial court denied DeKalb Tire's request for fees and expenses incurred in defending the Fulton County action, determining that DeKalb Tire waived its right to seek sanctions in that action by not pursuing them within 45 days after Gist's voluntary dismissal of that lawsuit.

In Case No. A96A1590, Gist appeals the trial court's award of fees and expenses stemming from the DeKalb County suit. In Case No. A96A1887, DeKalb Tire appeals the trial court's denial of sanctions in the Fulton County suit.

## Case No. A96A1590

1. Gist's only enumeration of error concerns whether DeKalb Tire's motion for sanctions was timely.

In order to seek attorney fees and other expenses under OCGA

§ 9-15-14 (e), a motion must be filed "45 days after the *final disposition* of the action." (Emphasis supplied.) Gist contends that the deadline of OCGA § 9-15-14 (e) fell 45 days after the dismissal was entered. DeKalb Tire contends it fell 45 days after Gist's postjudgment motion to set aside was decided.

The Supreme Court recently addressed a similar situation in *Fairburn Banking Co. v. Gafford*, 263 Ga. 792 (439 SE2d 482) (1994). The question in *Fairburn Banking* was whether the "final disposition" of an action occurs when the lawsuit ceases to pend in the trial court or when the appellate process concludes. The Supreme Court determined that "the phrase 'final disposition' in [OCGA § 9-15-14] should be considered to be synonymous with the phrase 'final judgment' as it is used in OCGA § 5-6-34 (a) (1)." Id. at 793. The Supreme Court then concluded that "there is a 'window of opportunity' for seeking attorney fees under OCGA § 9-15-14 which begins with the entry of final judgment as defined in OCGA § 5-6-34 (a) (1) and ends 45 days later." Id. at 794.

We find the rule announced in *Fairburn Banking* applies in this case.[1] Accordingly, because the dismissal of Gist's action was a final judgment under OCGA § 5-6-34 (a) (1), the 45-day period for filing a motion for sanctions commenced with its entry, and Gist's motion to set aside did not extend that deadline. Cf. *MMT Enterprises v. Cullars*, 218 Ga. App. 559 (462 SE2d 771) (1995) (unlike a motion for a new trial or a motion j.n.o.v., a motion to set aside does not extend the deadline within which to appeal the underlying decision). Moreover, we note that a motion to set aside may be filed up to three years after the entry of the judgment being questioned. OCGA § 9-11-60 (f). Consequently, to permit a motion to set aside to delay the "final disposition" of the action would permit OCGA § 9-15-14 motions to be made long after the case initially concluded. This result would be contrary to the Supreme Court's reasoning that questions concerning a party's entitlement to attorney fees should be raised "while the trial court's memory of events is still fresh." *Fairburn Banking*, supra at 794.

Because the trial court's order of dismissal was final pursuant to OCGA § 5-6-34 (a) (1), DeKalb Tire's OCGA § 9-15-14 motion should have been filed within the following 45-day window. In light of DeKalb Tire's failure to meet this deadline, the trial court erred in holding that DeKalb Tire's motion was timely.

---

[1] Although the facts in *Fairburn Banking* may be distinguished from the present matter, its holding — that the 45-day "window" begins with the entry of a final judgment as defined by OCGA § 5-6-34 (a) (1) — is broad enough to encompass the present situation. See *Adams v. State*, 174 Ga. App. 558 (331 SE2d 29) (1985) ("[t]his court has no authority to . . . modify a decision of the Supreme Court of Georgia").

*Case No. A96A1887*

2. As outlined in Case No. A96A1590 above, DeKalb Tire's request for sanctions in the DeKalb County suit was untimely. DeKalb Tire's contemporaneous request for sanctions in the prior Fulton County suit was also untimely. Accordingly, it is unnecessary for us to reach the merits of the cross-appeal, and the decision of the trial court to deny DeKalb Tire's request for fees and expenses it incurred in defending the Fulton County action is affirmed. *Goss v. Total Chipping*, 220 Ga. App. 643, 647 (469 SE2d 855) (1996) ("a trial court's ruling right for any reason will be affirmed").

*Judgment affirmed in Case No. A96A1887. Judgment reversed in Case No. A96A1590. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED OCTOBER 15, 1996 —
RECONSIDERATION DENIED OCTOBER 30, 1996 —

*Wood & Meredith, Hugh C. Wood, Dwight A. Meredith,* for appellant.

*Womble, Carlyle, Sandridge & Rice, William A. Capp,* for appellee.