A97A0089. GIST v. DeKALB TIRE COMPANY, INC.
(487 SE2d 360)

BLACKBURN, Judge.

Robert A. Gist appeals the trial court's order finding him in contempt for failure to comply with post-judgment discovery requests propounded by DeKalb Tire Company, Inc. (DeKalb Tire).

Many of the facts relevant to this case are set forth in *Gist v. DeKalb Tire Co.*, 223 Ga. App. 397 (477 SE2d 616) (1996). Gist sued DeKalb Tire in Fulton County over a set of allegedly defective tires he purchased. Gist dismissed the Fulton County suit without prejudice, and refiled in DeKalb County. After the DeKalb County case was dismissed for lack of prosecution, DeKalb Tire filed a motion for sanctions under OCGA § 9-15-14, seeking to recover fees and expenses incurred in both the Fulton and DeKalb cases. The DeKalb County court granted the motion with respect to fees and expenses incurred in the DeKalb County suit, but did not allow

recovery of fees and expenses incurred in the Fulton County suit.

In Case No. A96A1590, Gist appealed the award of fees and expenses with respect to the DeKalb County case. The trial court required Gist to post a supersedeas bond, but Gist failed to do so. DeKalb Tire filed a cross-appeal in Case No. A96A1887, appealing that portion of the court's order denying its request for fees relating to the Fulton County suit.

While these appeals were pending in this Court, DeKalb Tire served Gist with post-judgment interrogatories and document requests in an attempt to enforce the court's award of fees. After Gist failed to respond to these discovery requests, the trial court entered an order finding Gist in contempt. On August 9, 1996, Gist filed a notice of appeal of this order.

On October 15, 1996, we reversed the trial court's award of fees in the DeKalb County suit, finding that DeKalb Tire's motion for such fees was untimely. We affirmed the trial court's denial of DeKalb Tire's motion for fees with respect to the Fulton County action. *Gist*, supra.

1. Gist's sole enumeration of error contends that the trial court lacked jurisdiction to enter the contempt order because of the pendency of DeKalb Tire's cross-appeal in Case No. A96A1887. Gist contends that such cross-appeal acts as a supersedeas precluding the trial court from entering the subsequent contempt order.

This argument is without merit. It is well settled that the filing of a notice of appeal, upon payment of costs, operates to deprive the trial court of jurisdiction to modify or alter the judgment appealed. *Cohran v. Carlin*, 249 Ga. 510, 512 (291 SE2d 538) (1982); *Nest Investments v. Tzavaras*, 221 Ga. App. 282 (471 SE2d 223) (1996). However, "the notice of appeal supersedes only the judgment appealed; it does not deprive the trial court of jurisdiction as to other matters in the same case not affecting the judgment on appeal." *Cohran*, supra at 512. DeKalb Tire's cross-appeal in Case No. A96A1887 related only to the trial court's denial of its motion for fees incurred in the Fulton County action. DeKalb Tire did not appeal the court's award of fees in the DeKalb County action, which was the subject of Gist's appeal in Case No. A96A1590. As the trial court's order finding Gist in contempt did not affect the judgment appealed by DeKalb Tire, the court had jurisdiction to enter the contempt order.

Gist does not contend that *his* appeal of the award of fees in the DeKalb County action operates as a supersedeas. The trial court required Gist to post a supersedeas bond in such appeal, which Gist failed to do. Accordingly, Gist's appeal did not operate as a supersedeas, and DeKalb Tire was free to take steps to enforce the award of fees, including propounding post-judgment discovery. See *Hawn v.*

*Chastain*, 246 Ga. 723, 727 (273 SE2d 135) (1980) (where appellant fails to post supersedeas bond, appellee may proceed to enforce judgment, subject to outcome of appeal). The fact that DeKalb Tire cross-appealed a separate portion of the judge's order does not allow Gist to avoid the consequences of his failure to comply with the court's order requiring a supersedeas bond.

2. Gist's motion for permission to file a supplemental brief is denied. In his proposed supplemental brief, Gist refers to our opinion in *Gist*, supra, in which we reversed the trial court's award of fees in the DeKalb County lawsuit because DeKalb Tire's OCGA § 9-15-14 motion was untimely. Gist argues that, since the trial court lacked jurisdiction to consider the motion, its award of fees was void. As "[a]n order of contempt cannot be based on noncompliance with a void order," *In re Estate of Adamson*, 215 Ga. App. 613, 614 (2) (451 SE2d 501) (1994), Gist contends that the trial court's order finding him in contempt for failing to respond to DeKalb Tire's post-judgment discovery should be reversed.

However, Gist failed to raise this issue in his enumerations of error. Although our opinion in *Gist*, supra, was not issued until after this appeal was filed, this did not prevent Gist from raising the alleged voidness of the trial court's fee award in his enumerations. Indeed, the very basis of Gist's appeal in Case No. A96A1590 was that the trial court lacked subject matter jurisdiction to enter the fee award because DeKalb Tire's OCGA § 9-15-14 motion was untimely. As "an enumeration of error cannot be enlarged by a brief to give appellate viability to an issue not contained in the original enumeration," we do not consider the issues set forth in Gist's proposed supplemental brief. (Citation and punctuation omitted.) *Crotty v. Crotty*, 219 Ga. App. 408, 410 (3) (465 SE2d 517) (1995).

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED MARCH 19, 1997 —
RECONSIDERATION DENIED JUNE 11, 1997.
Before Judge Wheeler.

Robert A. Gist, *pro se.*

*Womble, Carlyle, Sandridge & Rice, William A. Capp*, for appellee.