## A97A0778. HEWITT et al. v. WALKER.
### (487 SE2d 603)

BLACKBURN, Judge.

Sam Hewitt and Sam Hewitt Services, Inc. (collectively, Hewitt) appeal the grant of summary judgment to Bill Walker on their claim for professional negligence in connection with his preparation of their tax returns. Because Hewitt failed to establish that Walker owed an extra-contractual duty of care to Hewitt, we affirm the grant of summary judgment.

Sam Hewitt hired Walker to perform bookkeeping and tax return preparation services for himself and his company, Sam Hewitt Services, Inc. Hewitt provided Walker with the necessary financial information to perform these services. Walker was not, and did not hold himself out to be, a licensed certified public accountant. Following an audit by the Internal Revenue Service, it was determined that Hewitt had underreported his income. Hewitt then sued Walker for professional negligence, alleging that he improperly utilized a cash method of accounting in preparing the tax returns. Hewitt also alleged that Walker negligently failed to provide certain financial advice to Hewitt and failed to prepare returns for Hewitt's other business ventures. Hewitt did not assert a claim for breach of contract. Walker moved for summary judgment on the grounds that, since he was not a certified public accountant, he could not be sued for professional negligence. The trial court granted the motion, and Hewitt appeals.

It is undisputed that the relationship between Hewitt and Walker was created by contract. "[I]n order to maintain an action ex delicto because of a breach of duty growing out of a contractual relation the breach must be shown to have been a breach of a duty imposed by law and not merely the breach of a duty imposed by the contract itself. . . . 'Duty imposed by law' as used in this context means . . . either a duty imposed by a valid statutory enactment of the legislature or a duty imposed by a recognized common law principle declared in the reported decisions of the appellate courts of the State." *Mauldin v. Sheffer*, 113 Ga. App. 874, 879-880 (150 SE2d 150) (1966); *Peterson v. First Clayton Bank &c. Co.*, 214 Ga. App. 94, 99 (1) (b) (447 SE2d 63) (1994).

This is not an action for professional negligence. "[T]he law imposes upon persons performing *professional* services the duty to exercise a reasonable degree of skill and care, as determined by the degree of skill and care ordinarily employed by their respective professions under similar conditions and like surrounding circumstances." (Punctuation omitted; emphasis supplied and omitted.) *Allen v. Lefkoff, Duncan, Grimes &c., P.C.*, 265 Ga. 374, 375 (453 SE2d 719) (1995); *Housing Auth. of Savannah v. Greene*, 259 Ga. 435,

436 (383 SE2d 867) (1989). "This is a duty apart from any express contractual obligation." *Mauldin*, supra at 880. In construing OCGA § 9-11-9.1, dealing with actions for professional malpractice, our Supreme Court has held that the term "professional" is limited to those professions recognized in OCGA §§ 14-7-2 (2); 14-10-2 (2); 43-1-24, and Chapter 4 of Title 26. *Gillis v. Goodgame*, 262 Ga. 117, 118 (414 SE2d 197) (1992); *Harrell v. Lusk*, 263 Ga. 895, 897 (439 SE2d 896) (1994). It is undisputed that Walker, as an unlicensed bookkeeper and tax return preparer, is not a professional under the Supreme Court's analysis. See OCGA § 43-3-36 (b). Thus, Walker cannot be subject to an action for professional malpractice.

Hewitt has not set forth any other statute or common law principle imposing a duty on Walker apart from those imposed by the parties' contract. "[T]he question of duty is for the court, and if the court finds no duty was owed, no material question of fact remains for determination by the jury." (Citation and punctuation omitted.) *Peterson*, supra at 100 (1) (b). Accordingly, the trial court properly granted summary judgment to Walker on Hewitt's tort claim.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED APRIL 29, 1997 —
RECONSIDERATION DENIED JUNE 11, 1997 — 
 Before Judge Smith.

*William J. Mason*, for appellants.
*Grogan, Jones, Rumer & Gunby, Lee R. Grogan*, for appellee.