A97A1575. LITTLE et al. v. GENERAL MOTORS CORPORATION et al.
A97A1576. LITTLE et al. v. DELTA CHEVROLET, INC.
(495 SE2d 572)

POPE, Presiding Judge.

We granted this discretionary appeal from an award of attorney fees (Case No. A97A1576)[1] to answer the following question: When a trial court grants judgment for a defendant on one count of a multicount complaint and expressly directs entry of a final judgment under OCGA § 9-11-54 (b), must the defendant move for attorney fees relating to that claim within 45 days of the entry of final judgment under OCGA § 9-11-54 (b)? We answer this question in the positive and therefore reverse the portion of this attorney fee award relating to a claim on which final judgment was entered under OCGA § 9-11-54 (b) more than 45 days before defendant requested attorney fees.

Under OCGA § 9-15-14 (e), attorney fees for frivolous actions may be requested at any time during the course of the action "but not later than 45 days after the final disposition of the action." The Supreme Court has held that "final disposition of the action" as it is used in OCGA § 9-15-14 (e) is synonymous with "final judgment" as that phrase is defined in OCGA § 5-6-34 (a) (1). *Fairburn Banking Co. v. Gafford*, 263 Ga. 792 (439 SE2d 482) (1994); see also *Gist v. DeKalb Tire Co.*, 223 Ga. App. 397 (1) (477 SE2d 616) (1996); *Marshall v. Ricmar, Inc.*, 215 Ga. App. 470 (451 SE2d 515) (1994). And it has further held that a final judgment entered under OCGA § 9-11-54 (b) is a final judgment under OCGA § 5-6-34 (a) (1). See *Thompson v. Clarkson Power Flow*, 243 Ga. 140 (252 SE2d 513) (1979). From these precedents, it logically follows that a final judgment entered under OCGA § 9-11-54 (b) is a final disposition of the action for pur-

---

[1] Case No. A97A1575 is a direct appeal from the judgment underlying the award of attorney fees under OCGA § 9-15-14. It has been abandoned and is therefore dismissed.

poses of OCGA § 9-15-14 (e), and a request for attorney fees must be made within 45 days of entry of the judgment.

In this case, plaintiff sued defendant in 1987, alleging fraud, breach of warranties, and violation of the Fair Business Practices Act ("FBPA"). The trial court granted defendant's motion for partial summary judgment on the FBPA claim in January 1991, expressly finding that there was no just reason for delay in entry of final judgment and directing entry of final judgment on that claim. See OCGA § 9-11-54 (b). And in June 1991, it also granted partial summary judgment for defendant on plaintiff's claims for emotional distress and damage to his reputation and credit. A jury trial was held on the remaining claims in December 1993, resulting in a defense verdict on all counts; and a final judgment was entered for defendant on December 13, 1993. Defendant moved for attorney fees under OCGA § 9-15-14 on January 25, 1994, and the trial court awarded fees with respect to the FBPA claim, as well as the emotional distress and damage to reputation claims and several discovery disputes.

Because the final judgment on the FBPA claim was entered in January 1991 and defendant did not move for attorney fees until January 1994, the motion was untimely, and the award of attorney fees with respect to the FBPA claim was unauthorized and must be reversed. Contrary to plaintiff's contention, however, it does not appear from the record that a final judgment under OCGA § 9-11-54 (b) was entered on the emotional distress and damage to reputation claims. Plaintiff's other arguments are also without merit. Accordingly, the remainder of the attorney fee award is affirmed. As the appealed order does not state how much of the award is allocated to the FBPA claim, the trial court will need to issue a new order to specify how much the new award will be.

*Judgment affirmed in part and reversed in part in Case No. A97A1576. Appeal dismissed in Case No. A97A1575. Johnson and Blackburn, JJ., concur.*

ON MOTION FOR RECONSIDERATION.

Little takes issue with our statement that "it does not appear from the record that a final judgment under OCGA § 9-11-54 (b) was entered on the emotional distress and damage to reputation claims." Contrary to Little's arguments, the 1991 order granting summary judgment on these claims was not final because it left several of Little's claims pending against the defendants. "The entry of a judgment as to one or more but fewer than all the claims or parties is not a final judgment. . . ." *Culwell v. Lomas &c. Co.*, 242 Ga. 242, 243 (248 SE2d 641) (1978). While Little cites cases showing that grants of partial summary judgment may be appealed, this appeal is "an excep-

tion to the finality rule" provided by OCGA § 9-11-56 (h). Id. Little correctly states that a summary judgment disposing of fewer than all claims is considered a final judgment if the trial court has made "an express determination that there is no just reason for delay and . . . an express direction for the entry of judgment." OCGA § 9-11-54 (b). The 1991 order at issue, styled "Order and Judgment," dismisses these claims with prejudice but contains no language which could be considered an express direction that final judgment be entered for the defendants on these claims. See *Church v. Bell*, 213 Ga. App. 44 (443 SE2d 677) (1994) (partial dismissal of claims is not final judgment); *Madan v. Damiano*, 213 Ga. App. 736 (445 SE2d 831) (1994) (grant of summary judgment which does not dispose of all claims and counterclaims is not final judgment). Little's reliance on *Cherry v. Hersch*, 193 Ga. App. 471, 472 (1) (388 SE2d 64) (1989), is misplaced. In that case, one party requested direction of final judgment and obtained an order from the court directing the clerk to enter final judgment in the party's favor. In *Cherry*, unlike the case at hand, the circumstances and language of the order showed the trial court's clear intent that the order be designated a final judgment pursuant to OCGA § 9-11-54 (b).

DECIDED NOVEMBER 7, 1997 —
RECONSIDERATION DENIED DECEMBER 10, 1997 — 

*Barnes, Browning, Tanksley & Casurella, George T. Smith, Sammy J. Hawkins*, for appellants.

*Thomas, Kennedy, Sampson & Patterson, Myra H. Dixon, Richard C. Freeman III*, for appellees.