## A98A0454. ROBERTS v. PEARCE.
### (501 SE2d 555)

ANDREWS, Chief Judge.

T. C. Roberts brought this direct appeal from a final order awarding Thomas M. Pearce, Jr. attorney fees under OCGA § 9-15-14. Appeals from orders awarding attorney fees under this Code section require compliance with the discretionary appeal procedure of OCGA § 5-6-35 (a) (10) unless the award is appealed as part of an otherwise directly appealable judgment. *Stancil v. Gwinnett County*, 259 Ga.

507 (384 SE2d 666) (1989); *Haggard v. Bd. of Regents of the University System*, 257 Ga. 524 (360 SE2d 566) (1987).

Here, when Roberts filed his notice of appeal in this case on September 4, 1997, he had pending a direct appeal from an order granting Pearce's motion for summary judgment. However, Roberts failed to file his brief and enumerations of error on time and that appeal was dismissed under Court of Appeals Rule 26 (a).

Therefore, on October 17, 1997, when this case was docketed, Roberts no longer had a direct appeal pending in this Court. The issue now is whether the appeal from the award of attorney fees is still properly before us after the directly appealable judgment was dismissed.

We find no case law directly on point. However, in similar situations, we have dismissed the appeal. For instance, in *Hutchison v. Nat. Svcs. Industries*, 191 Ga. App. 885 (383 SE2d 212) (1989), we held that after the main appeal was dismissed, there was no independent jurisdictional basis for the cross-appeal and, therefore, it must also be dismissed. Id. at 886. Likewise, in *Guy v. Roberson*, 214 Ga. App. 391 (448 SE2d 60) (1994), we held that a cross-appeal may survive the dismissal of the main appeal only where the cross-appeal can stand on its own merit. Id. at 392-393. Also, in *Serco Co. v. Choice Bumper*, 199 Ga. App. 846 (406 SE2d 276) (1991), when the main appeal was withdrawn, we held that the cross-appeal from the denial of a motion for summary judgment must be dismissed as there was no application under OCGA § 5-6-34 (a) for interlocutory review. Id. at 847. Finally, in *Jones Roofing &c. Co. v. Roberts*, 179 Ga. App. 169 (345 SE2d 683) (1986), we held that this Court has no jurisdiction "to entertain a cross-appeal which must derive its life from the main appeal." Id. at 170. Because the cross-appellant had not filed an application for discretionary review, the cross-appeal was dismissed because it could not stand in its own right. Id.

Applying this case law to the instant case, we find that because an award of attorney fees under OCGA § 9-15-14 is subject to the discretionary appeal procedures of OCGA § 5-6-35 (a) (10), the appeal cannot stand on its own merit. Therefore, once the main appeal was dismissed, we no longer had independent jurisdiction of this appeal. As there was no application under OCGA § 5-6-35 (a) (10) for discretionary review, the appeal must be dismissed. *Jones*, supra at 170.

*Appeal dismissed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED APRIL 13, 1998 —
RECONSIDERATION DENIED MAY 4, 1998 — 

*Mark T. Sallee*, for appellant.
*Cashin, Morton & Mullins, James M. Sherman*, for appellee.