### A98A1850. HEWITT et al. v. WALKER.
(506 SE2d 215)

BEASLEY, Judge.

Plaintiffs sued Bill Walker for breach of contract and negligence. On October 14, 1996, the court entered summary judgment in favor of Walker, which we affirmed in *Hewitt v. Walker*, 226 Ga. App. 764 (487 SE2d 603) (1997). The Supreme Court denied certiorari on October 31, 1997. On December 9, 1997, 421 days after final judgment, Walker moved for attorney fees and expenses of litigation pursuant to OCGA § 9-15-14. The court granted the motion and awarded Walker $9,000.

"[T]here is a 'window of opportunity' for seeking attorney fees under OCGA § 9-15-14 which begins with the entry of final judgment as defined in OCGA § 5-6-34 (a) (1) and ends 45 days later." *Fairburn Banking Co. v. Gafford*, 263 Ga. 792, 794 (439 SE2d 482) (1994). *Fairburn Banking* specifically rejected the argument that an appeal extends that time until 45 days after final disposition of the appeal. The rule announced in *Fairburn Banking* has been applied in this Court since. See, e.g., *Gist v. DeKalb Tire Co.*, 223 Ga. App. 397 (477 SE2d 616) (1996). Walker's contention that we should overrule *Fairburn Banking*, a Supreme Court decision, is specious. Ga. Const. of 1983, Art. VI, Sec. VI, Par. VI; *Adams v. State*, 174 Ga. App. 558, 559 (2) (331 SE2d 29) (1985).

Just as in *Fairburn Banking*, "[s]ince the motion which the trial court granted in the present case was not filed within that window of opportunity, the trial court lacked jurisdiction to consider it." 263 Ga. at 794. Likewise, the award to Walker was error.

This moots the other enumerations of error.

*Judgment reversed. Pope, P. J., and Ruffin, J., concur.*

*William J. Mason*, for appellants.
*Grogan, Jones, Rumer & Gunby, Lee R. Grogan*, for appellee.