A99A0670, A99A0671. BURNS et al. v. HOWARD et al.;
and vice versa.
(520 SE2d 491)

POPE, Presiding Judge.

In Case No. A99A0670, Richard and Nell Burns appeal dismissal of their appeal. In Case No. A99A0671, Larry and Juanita Howard cross-appeal an award of attorney fees in their favor.

*Case No. A99A0670*

In March 1994, the Howards filed a complaint seeking damages

---

for defamation against Mr. and Mrs. Burns. The Burnses filed a counterclaim for property encroachment and trespass. Following an adverse jury verdict, Mr. and Mrs. Burns appealed the judgment to the Supreme Court, but their appeal was dismissed by the trial court for failure to timely file the transcript in accordance with OCGA § 5-6-48 (c). They now appeal that dismissal.

Judgment was entered on February 18, 1998. The Burnses filed their notice of appeal to the Supreme Court on March 4. On June 12 the Howards moved to dismiss the appeal because the transcript had not been timely filed, no order extending the time to file had been entered, and the costs had not been paid. Following an unreported hearing on July 17, the court entered an order dismissing the appeal. The order stated,

> The above-styled matter having come on regularly to be heard pursuant to notice and after hearing evidence, no order for extension of time for completion of the record having been sought or entered, it is the judgment of this Court in accordance with the criteria set forth in OCGA Sec. 5-6-48c that the motion be granted and the appeal dismissed.

After another hearing, the court denied the Burnses' motion for reconsideration without further elaboration.

OCGA § 5-6-42 provides that a transcript must be filed within 30 days of the notice of appeal unless an extension of time is properly requested. "The trial court may, after notice and hearing, order an appeal dismissed for a party's failure to file a transcript on time only if the delay was (1) unreasonable, (2) inexcusable, and (3) caused by such party. OCGA § 5-6-48." *Dalton v. Vo*, 224 Ga. App. 382 (480 SE2d 377) (1997).

But in this case, the trial court did not make the above findings of fact which are necessary to dismiss the appeal. *Dalton*, 224 Ga. App. at 382-383; *Baker v. Southern R. Co.*, 260 Ga. 115 (390 SE2d 576) (1990). And, failure to timely request an extension, standing alone, is not sufficient to justify dismissal of the appeal. Id. at 116. This case is therefore remanded to the trial court for further action in accord with this opinion. See *Dalton*, 224 Ga. App. at 383.

### Case No. A99A0671

At trial, the jury awarded attorney fees to the Howards, and the court set the amount at $5,500. The Howards contend the court failed to award the full amount of their attorney fees as allowed by OCGA § 9-15-14. However, it is the duty of this Court to inquire into its jurisdiction. *Cole v. Cole*, 205 Ga. App. 332 (1) (422 SE2d 230) (1992). To do so, we must consider the sequence of events leading to this

cross-appeal.

Judgment and the fee award were entered on February 18 and March 3, 1998, respectively. Mr. and Mrs. Burns filed their initial notice of appeal to the Supreme Court on March 4. The Howards filed a notice of cross-appeal on March 17. On July 17, the Burnses' appeal was dismissed.

Once the original appeal to the Supreme Court was dismissed, there was no longer a pending appeal. Under OCGA § 5-6-48 (e), a cross-appeal may survive the dismissal of the main appeal but only where the cross-appeal can stand on its own merit. *Patel v. Ga. Power Co.*, 234 Ga. App. 141, 142 (2) (505 SE2d 787) (1998).

> Appeals from orders awarding attorney fees under [OCGA § 9-15-14] require compliance with the discretionary appeal procedure of OCGA § 5-6-35 (a) (10) unless the award is appealed as part of an otherwise directly appealable judgment. *Stancil v. Gwinnett County*, 259 Ga. 507 (384 SE2d 666) (1989); *Haggard v. Bd. of Regents of the University System*, 257 Ga. 524 (360 SE2d 566) (1987).

*Roberts v. Pearce*, 232 Ga. App. 417-418 (501 SE2d 555) (1998). At that point in time, because the main appeal had been dismissed, and the Howards had not sought a discretionary appeal, the cross-appeal could not stand on its own merit. Id. at 418.

On August 17 the Burnses filed their notice of appeal to this Court from the dismissal of their appeal. On December 15, the Howards filed an "Amended Notice of Cross-Appeal." A notice of cross-appeal must be filed "within 15 days from service of the notice of appeal by the appellant." OCGA § 5-6-38 (a). Because the Howards failed to file a timely notice of cross-appeal, their cross-appeal must be dismissed. *Nat. Consultants v. Burt*, 186 Ga. App. 27, 28 (1) (366 SE2d 344) (1988).

We note that should the trial court reverse its ruling on the dismissal of the main appeal in Case No. A99A0670, then the Howards' cross-appeal will likewise be revived.

*Judgment vacated and remanded in Case No. A99A0670. Appeal dismissed in Case No. A99A0671. Smith and Eldridge, JJ., concur.*

DECIDED JULY 1, 1999 —
RECONSIDERATION DENIED JULY 26, 1999.

*Michael B. King*, for appellants.

*Wallace & Moss, Howard P. Wallace, Barbara J. Call*, for appellees.