A01A0202, A01A0203. TRAMMEL v. CLAYTON COUNTY BOARD
OF COMMISSIONERS et al.; and vice versa.
(551 SE2d 412)

ELDRIDGE, Judge.

James Trammel brought a complaint for declaratory judgment
and injunctive relief against the Clayton County Board of Commis-
sioners, individually and in their official capacities, C. Crandle Bray,
Richard Reagan, Terry J. Starr, Gerald A. Matthews, and Virginia B.
Gray, for a proposed expenditure of tax money to erect a hangar at
Tara Field in Henry County. After answering, the defendants moved
for summary judgment. On January 3, 2000, the trial court granted
the motion for summary judgment for the defendants, which was
entered on January 4, 2000. On February 18, 2000, the defendants
moved for litigation expenses under OCGA § 9-15-14 (a) and (b)
within 45 days of final disposition of the case. On May 19, 2000,
plaintiff filed his motion for attorney fees under OCGA § 9-15-14
against the defendants for seeking sanctions against him on Febru-
ary 18, 2000; plaintiff's motion was filed more than 45 days after the
final disposition of the case contrary to OCGA § 9-15-14. On July 10,
2000, in separate orders, the trial court denied each motion. On
August 24, 2000, this Court granted plaintiff's application for discre-
tionary appeal. On August 25, 2000, plaintiff filed his notice of
appeal. On August 31, 2000, the defendants cross-appealed.

## Case No. A01A0202

Plaintiff contends the trial court erred in dismissing his request
for sanctions under OCGA § 9-15-14 as being untimely filed. We dis-
agree.

Final disposition of this action within the meaning of OCGA § 9-
15-14 (e) was the entry of final judgment by filing the order granting
summary judgment on January 4, 2000, in the trial court. *Fairburn
Banking Co. v. Gafford*, 263 Ga. 792 (439 SE2d 482) (1994). Under
OCGA §§ 5-6-34 (a) (1) and 9-11-56 (h), the entry of final judgment
granting the total summary judgment constituted a final appealable
order from which the 45 days began to run within which to seek sanc-
tions. The 45-day period ended in this case on February 18, 2000. *Lit-
tle v. Gen. Motors Corp.*, 229 Ga. App. 781, 782 (495 SE2d 572) (1997);
*Gist v. DeKalb Tire Co.*, 223 Ga. App. 397 (477 SE2d 616) (1996).

After the expiration of 45 days without the filing of the motion
seeking sanctions, the trial court lost subject matter jurisdiction to
consider such post-judgment motion, because the sanction was a
matter of limited right under terms and conditions established by the
legislature. OCGA § 9-15-14. Therefore, the legislature limited a trial
court's jurisdiction to consider such post-judgment sanction to

motions brought within 45 days after final disposition in the trial court. The 45-day period provided a statutory exception to post-judgment jurisdiction as a limited "window of opportunity" to seek such sanctions, because the trial court was granted power to consider such issues only within such period, which power it lacked absent this legislative grant. When the motion for sanctions "was not filed within [the] window of opportunity, the trial court lacked jurisdiction to consider it." *Fairburn Banking Co. v. Gafford*, supra at 794. Thus, failure to bring the motion for sanctions within the window of opportunity means that the trial court loses such legislatively limited power to act outside such time period as a matter of subject matter jurisdiction. See *Brassfield & Gorrie v. Ogletree*, 241 Ga. App. 56 (526 SE2d 103) (1999); *Hewitt v. Walker*, 234 Ga. App. 78 (506 SE2d 215) (1998).

This sanction is in derogation of common law, and it must be strictly construed against the movant seeking the benefit of the statute. *Browning v. Gaster Lumber Co.*, 267 Ga. 72, 73 (475 SE2d 576) (1996); *DeKalb County v. Post Apt. Homes*, 234 Ga. App. 409, 410 (1) (506 SE2d 899) (1998). Thus, final disposition does not mean disposition on appeal or other post-judgment motions, but entry of final judgment in the trial court; otherwise, as in this case, matters could be spun out indefinitely after final disposition by judgment without real finality and closure. See *Fairburn Banking Co. v. Gafford*, supra at 792; *Little v. Gen. Motors Corp.*, supra at 781; *Gist v. DeKalb Tire Co.*, supra at 397. Therefore, the defendants filing their motion for sanctions under OCGA § 9-15-14 on the forty-fifth day did not extend plaintiff's time to file his own motion for this or subsequent conduct after the expiration of the 45 days. See *Hewitt v. Walker*, supra at 78. Thus, the trial court properly denied the plaintiff's motion for sanctions as being untimely.

### Case No. A01A0203

Defendants cross-appealed and raise several issues regarding the trial court's denial of their motion for sanctions.

> The solemn duty devolves upon this court to inquire into its jurisdiction to entertain each appeal and review the alleged errors of the trial court. *Byrd v. Goodman*, 192 Ga. 466 (1) (15 SE2d 619) [(1941)]. The jurisdiction of an appellate court to consider an appeal depends upon whether the appeal is taken in substantial compliance with the rules of appellate procedure prescribing the conditions under which the judgment of the trial court may be considered appealable.

*Gibson v. Hodges*, 221 Ga. 779, 780-781 (1) (147 SE2d 329) (1966),

rev'd on other grounds, *Gillen v. Bostick*, 234 Ga. 308, 310 (215 SE2d 676) (1975). This Court has authority to examine its jurisdiction over an appeal on its own motion and to dismiss the appeal if jurisdiction is lacking. *Kirby v. Woods*, 212 Ga. 20 (1) (90 SE2d 4) (1955); *Peoples Loan Co. v. Allen*, 198 Ga. 516, 518 (32 SE2d 175) (1944); *Fricks v. Cole*, 111 Ga. App. 635 (142 SE2d 382) (1965).

For defendants to bring a cross-appeal, this Court must have jurisdiction of the underlying appeal. OCGA § 5-6-38; *Wood v. Atkinson*, 229 Ga. 179, 180-181 (190 SE2d 46) (1972); *Ewing Holding Corp. v. Egan-Stanley Investments*, 154 Ga. App. 493, 496 (2) (268 SE2d 733) (1980); see also *Reliance Ins. Co. v. Cobb County*, 235 Ga. App. 685, 686-687 (510 SE2d 129) (1998). After February 18, 2000, the trial court could not entertain a subsequently filed motion for sanctions by the plaintiff; the trial court lacked subject matter jurisdiction to hear such post-judgment issues, because the motion for sanctions was filed outside the 45-day window of opportunity. *Fairburn Banking Co. v. Gafford,* supra at 794.

Under OCGA § 5-6-38 (a), a cross-appeal can be brought only where a valid appeal exists. See *Buschel v. Kysor/Warren*, 213 Ga. App. 91, 93 (3) (444 SE2d 105) (1994). Absent a cross-appeal status for the lack of jurisdiction in the trial court as to the underlying appeal, defendants' cross-appeal must stand on its own merits as an independent appeal. See OCGA § 5-6-48 (e); *Burns v. Howard*, 239 Ga. App. 315, 317 (520 SE2d 491) (1999); *Patel v. Ga. Power Co.*, 234 Ga. App. 141, 142 (2) (505 SE2d 787) (1998); *Roberts v. Pearce*, 232 Ga. App. 417, 418 (501 SE2d 555) (1998).

The defendants' cross-appeal is based upon the denial of their petition for sanctions, as was the plaintiff's appeal; however, the plaintiff sought and obtained leave to bring a discretionary appeal, where the defendants did not independently do so. *Burns v. Howard*, supra at 317; *Roberts v. Pearce*, supra at 418.

> [T]he trial court's denial of defendant[s'] motion . . . is not a final appealable judgment within the meaning of [OCGA § 5-6-35 (a) (1) and (10)]. Rather, that ruling is subject to the . . . application procedures for [discretionary appeal procedure applicable to OCGA § 5-6-35 (a) (10) unless the award is appealed as part of an otherwise directly appealable judgment]. Consequently, since the main appeal . . . must be dismissed in its entirety, and [the] defendant[s] filed no application under [OCGA § 5-6-35 for discretionary appeal] of the denial of its motion . . . , we have no independent jurisdiction over the cross-appeal . . . , and the same must be dismissed.

(Citations and punctuation omitted.) *Patel v. Ga. Power Co.*, supra at

142; see also *Burns v. Howard*, supra at 316-317; *Roberts v. Pearce*, supra at 418.

As such, defendants' appeal would be untimely as an independent appeal; an untimely appeal constitutes a lack of jurisdiction in the appellate court, mandating dismissal. *Boney v. State*, 236 Ga. App. 179, 180 (510 SE2d 892) (1999); *Thompkins v. State*, 157 Ga. App. 203 (276 SE2d 885) (1981). Thus, we dismiss this appeal also for lack of jurisdiction. See *Burns v. Howard*, supra at 317.

*Appeal and cross-appeal dismissed for lack of jurisdiction. Miller, J., concurs. Andrews, P. J., concurs in judgment only.*

DECIDED JULY 2, 2001.

*Lee Sexton*, for appellant.

*Hancock & Echols, Jack R. Hancock, Brian R. Dempsey*, for appellees.

