A05A1896. HARRIS v. WERNER.
(628 SE2d 230)

BERNES, Judge.

Katherine Harris appeals from an order of the State Court of Fulton County concluding that it lacked jurisdiction to consider her motion for attorney fees and expenses of litigation made pursuant to OCGA § 9-15-14. For the reasons that follow, we reverse and remand.

The record reveals that Michael Werner filed suit against Harris in Fulton County State Court in late 2002, alleging that Harris committed fraud by intentionally misrepresenting the condition of certain property that she sold to him in a real estate transaction. Harris moved for summary judgment and Werner voluntarily dismissed his complaint shortly thereafter. Harris filed a timely motion

with the Fulton County court for attorney fees and expenses of litigation pursuant to OCGA § 9-15-14, and the court held a hearing on the motion.

At the hearing, Werner announced that he had refiled the lawsuit in DeKalb County and argued that, as a result, it was premature for the Fulton County court to consider Harris' motion. The trial court agreed, stating in its order that, "[d]ue to [Werner's] voluntary dismissal of his action and subsequent re-filing in the State Court of DeKalb County, this Court is without jurisdiction to issue a ruling" on Harris' motion. It is from this order that Harris appeals.

The question of whether the trial court had jurisdiction to hear Harris' motion is a purely legal issue and we owe no deference to the trial court's ruling, which we review de novo under the "plain legal error" standard of review. See *Laughlin v. City of Atlanta*, 265 Ga. App. 61, 63 (592 SE2d 874) (2004).

While the dismissal of a lawsuit generally deprives the trial court of jurisdiction to take further action in the case, that rule does not apply to OCGA § 9-15-14 motions. Subsection (a) of that statute allows a party to a civil action to recover "reasonable and necessary attorney's fees and expenses of litigation" from any party who has asserted a claim "with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim." Subsection (e) of the statute authorizes the filing of a motion for attorney fees and expenses "at any time during the course of the action but not later than 45 days after the final disposition of the action." OCGA § 9-15-14 (e). See *Bouvé & Mohr, LLC v. Banks*, 274 Ga. App. 758, 765 (3) (618 SE2d 650) (2005). "The 45-day period provide[s] a statutory exception to post-judgment jurisdiction as a limited 'window of opportunity' to seek such sanctions." *Trammel v. Clayton County Bd. of Commrs.*, 250 Ga. App. 310, 311 (551 SE2d 412) (2001). The grant of jurisdiction afforded by the statute is not limited by the filing of a subsequent action. Thus, we conclude the refiling of an action after a party has timely moved for attorney fees and costs but before the original court has had the opportunity to rule does not divest the original court of jurisdiction to decide the motion.

Our conclusion is buttressed by our consideration of OCGA § 9-15-14 (g), which provides that "[a]ttorney's fees and expenses of litigation awarded under this Code section in a prior action between the same parties shall be treated as court costs with regard to the filing of any subsequent action." Whether a litigant is subject to imposition of costs for the filing of a subsequent action as provided in subsection (g) should not turn on whether the litigant is able to refile a lawsuit more quickly than the original court is able to rule on a pending motion. Moreover, our holding comports with the Supreme

Court of Georgia's stated preference for presenting the question of a party's entitlement to attorney fees and expenses "while the trial court's memory of events is still fresh." *Fairburn Banking Co. v. Gafford*, 263 Ga. 792, 794 (439 SE2d 482) (1994) (holding that a trial court is not divested of its jurisdiction to hear an OCGA § 9-15-14 motion pending appeal of the judgment below).

Here, it is undisputed that Harris filed her motion within the time frame set forth in the statute. She filed *before* final disposition of the case. See *Meister v. Brock*, 268 Ga. App. 849, 849-850 (1) (602 SE2d 867) (2004) (if suit is voluntarily dismissed, the 45-day time limit set forth in OCGA § 9-15-14 (e) does not begin to run until a second dismissal, or if the case is not renewed, until expiration of the original statute of limitation period or six months after the discontinuance or dismissal, whichever is later). Thus, the original trial court maintained jurisdiction to hear the matter. *Fairburn Banking Co.*, 263 Ga. at 794.

Accordingly, we reverse the decision of the trial court and remand for a determination of whether Harris is entitled to the attorney fees and expenses and, if so, in what amount.

*Judgment reversed and case remanded. Blackburn, P. J., and Miller, J., concur.*

DECIDED MARCH 10, 2006.

*Marc B. Hershovitz*, for appellant.
*Hertz, Link & Smith, Houston D. Smith III*, for appellee.