A11A0581. TREND STITCHERS, LLC v. WHEELER.
(713 SE2d 720)

DILLARD, Judge.

After the trial court granted summary judgment in its favor, appellant Trend Stitchers, LLC filed a timely motion for attorney fees under OCGA § 9-15-14, which was ultimately returned by the clerk of court due to the nonpayment of a "post-judgment motion" filing fee. Thereafter, Trend Stitchers filed a motion for fees to be filed nunc pro tunc under OCGA § 9-11-60 (g), which the trial court denied. Trend Stitchers appeals this decision, arguing that a timely filed motion under OCGA § 9-15-14 is a continuation of an existing case, which does not require a new filing fee. For the reasons noted infra, we reverse the trial court's order and remand this case for further proceedings consistent with this opinion.

The underlying facts of this appeal are not in dispute. In April 2009, appellee Runta Wheeler filed a complaint against appellant Trend Stitchers, alleging that she was injured when she stepped in a puddle of water and fell as she entered a convenience store operated by Trend Stitchers. Trend Stitchers filed a timely answer denying all

---

liability, and then moved for summary judgment on Wheeler's claims, which the trial court granted. In so holding, the trial court noted that "this action comes close to meeting the criterion of OCGA § 9-15-14 (a) and so much of OCGA § 9-15-14 (b) as [it] refers to an action's 'lack(ing) substantial justification' . . . ."

Thereafter, Trend Stitchers filed a timely motion for attorney fees under OCGA § 9-15-14, which was ultimately (and inexplicably) returned to Trend Stitchers's counsel along with a copy of the court's updated fee schedule. After inquiring into the matter and learning that its OCGA § 9-15-14 motion for attorney fees had in fact been rejected for failure to pay a "post-judgment" filing fee, Trend Stitchers promptly filed a motion, pursuant to OCGA § 9-11-60 (g),[1] for fees to be filed nunc pro tunc, which the trial court denied. The clerk of court then assessed a fee for Trend Stitchers's motion for attorney fees, which Trend Stitchers paid. This appeal follows.[2]

Trend Stitchers argues that the trial court erred in concluding that a motion for attorney fees filed under OCGA § 9-15-14 within the statutorily prescribed 45-day time period, but more than 30 days after the entry of judgment, is a post-judgment motion that is subject to being assessed a "new case fee." We agree.

OCGA § 9-15-14 (e) provides that "[a]ttorney's fees and expenses under this Code section may be requested by motion at any time *during the course of the action but not later than 45 days after the final disposition of the action*."[3] This statutory language makes clear that a request for attorney fees under OCGA § 9-15-14 is part of the original "course of the action" and is not to be considered a "new case" for purposes of OCGA § 15-6-77 (e) (1).[4] And we have previously explained the unique nature and posture of a request for attorney fees under OCGA § 9-15-14, noting that "[w]hile the dismissal of a lawsuit generally deprives the trial court of jurisdiction to take further action *in the case*, that rule does not apply to OCGA § 9-15-14 motions" because "[t]he 45-day period provide(s) a statutory exception to post-judgment jurisdiction as a limited 'window of opportunity' to seek such sanctions."[5] Accordingly, a motion made

---

[1] OCGA § 9-11-60 (g) provides that "[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."

[2] Orders entered upon motions to correct a clerical error pursuant to OCGA § 9-11-60 (g) are directly appealable. *See, e.g., Leventhal v. Moseley*, 264 Ga. 891, 892 (453 SE2d 455) (1995).

[3] (Emphasis supplied.)

[4] OCGA § 15-6-77 (e) (1) provides, *inter alia*, that "[a]ny postjudgment proceeding filed more than 30 days after judgment or dismissal in an action shall be considered as a new case for the purposes of this Code section."

[5] *Harris v. Werner*, 278 Ga. App. 166, 167 (628 SE2d 230) (2006) (citations and

under OCGA § 9-15-14 is not subject to a "new case" filing fee, but is instead covered by the original case-initiation fee.

We therefore reverse the trial court's order and remand this case for further proceedings consistent with this opinion.

*Judgment reversed and case remanded with direction. Smith, P. J., and Mikell, J., concur.*

DECIDED JULY 6, 2011.

*Albert A. Chapar, Jr., Rebecca E. Strickland,* for appellant.
*Lipman & Drew, Robert B. Lipman, Jay L. Drew,* for appellee.

---

punctuation omitted; emphasis supplied); *see also Condon v. Vickery*, 270 Ga. App. 322, 326 (3) (a) (606 SE2d 336) (2004) (holding that a motion for attorney fees under OCGA § 9-15-14 may not be elevated to that of a separate cause of action). *Compare* OCGA § 51-7-81 (providing statutory mechanism for seeking damages for abusive litigation vis-à-vis a separate and distinct civil action).