**FIRST DIVISION**
**BROWN, C. J.,**
**BARNES, P. J., and WATKINS, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 3, 2025**

# In the Court of Appeals of Georgia

A25A1204. IN THE INTEREST OF J. J., A CHILD.

BARNES, Presiding Judge.

The Georgia Department of Human Services ("DHS") appeals the juvenile court's order resetting J. J.'s delinquency disposition hearing and granting his motion for release from a Regional Youth Development Center ("RYDC"). On appeal, GDHS challenges the juvenile court's authority to include in the order a directive that the Department of Family and Children Services ("DFACS") provide family preservation orders and other services to J. J during his release. According to DHS, there is no statutory authority for the juvenile court to order such services, and even if it is found that the juvenile court has the authority to do so, it must give DHS notice

and an opportunity to be heard. For the reasons that follow, we find that this Court lacks jurisdiction and thus dismiss the appeal.

The facts relevant to this appeal show that J. J. was involved in an altercation during which he was alleged to have "brandished" a knife at the victim. Following a detention hearing, after which J. J. was detained in the Savannah RYDC, a delinquency petition alleging simple assault, aggravated assault, and terroristic threats was filed against J. J. At his arraignment, J. J. pled guilty to a delinquent act which if committed by an adult would be the misdemeanor crime of simple assault. The other charges were dismissed, and although the juvenile court granted J. J.'s motion for a continuance, it denied J. J.'s motion for release, and he remained detained at the Savannah RYDC until the results of J. J.'s psychological evaluation were received.

During that detention, J. J. was involved in an altercation with an officer and transferred to Claxton RYDC. Thereafter, another delinquency petition was filed alleging obstruction of an officer, battery, and simple battery, to which, at his arraignment, he entered an admission as to misdemeanor battery. During the arraignment, the other charges were dismissed, J. J.'s motion for release was denied,

2

and the juvenile court granted J. J.'s request to reset the disposition hearing so that the delinquency cases could be consolidated.

J. J. appeared before the juvenile court for a disposition hearing on his cases, after which his motion for release from Claxton RYDC was granted and, over J. J.'s objection, the disposition hearing was reset until the next month. The juvenile court continued the final disposition hearing for the transfer from Evans County of a third delinquency case involving J. J. and other pending matters. The juvenile court also ordered that "DFACS *shall* place family preservation services in the home within 72 hours from today's date, to include a Behavior Aide and any other services that could benefit the family." (Emphasis in original). It was noted at the hearing by a juvenile court intake officer that a family preservation referral was in place but it had not progressed because J. J. "had been detained."

DHS filed a motion for reconsideration of the juvenile court's order asserting that it was not served with the subject order or provided notice of the hearing. DHS also maintained that the juvenile court did not have jurisdiction over DFACS and thus could not order DFACS to provide services. The trial court denied the motion, and DHS appeals. In its sole enumeration of error, the DHS contends that the juvenile

court was not statutorily authorized to order the agency to place family preservation services in J. J.'s home upon his release from detention.

As always, "it is incumbent upon this Court to inquire into its own jurisdiction even when not contested by the parties." *Hourin v. State*, 301 Ga. 835, 836-837 (1) (804 SE2d 388) (2017). To that end, "[t]he jurisdiction of an appellate court to consider an appeal depends upon whether the appeal is taken in substantial compliance with the rules of appellate procedure prescribing the conditions under which the judgment of the trial court may be considered appealable." *Trammel v. Clayton County Bd. of Commrs.*, 250 Ga. App. 310, 311 (551 SE2d 412) (2001).

Generally, "[a]ppeals by the State in criminal cases are construed strictly against the State and the State may not appeal any issue in a criminal case, whether by direct or discretionary appeal, unless that issue is listed in OCGA § 5-7-1." (Citation, punctuation and emphasis omitted.) *State v. Cash*, 298 Ga. 90, 91 (1) (a) (779 SE2d 603) (2015). However, we have held that "[t]he statute does not apply to appeals by state entities and actors who have no control over prosecutions, like the [DHS] here." *State v. Rowe*, 308 Ga. 806, 809 (2) (843 SE2d 537) (2020).

The DHS appears to acknowledge that the disposition hearing reset and release order at issue in this appeal is not a final judgment. A final judgment is defined as one where the case is no longer pending in the court below. *In re J.N.*, 302 Ga. App. 631, 633 (1) (691 SE2d 396) (2010). A judgment resetting a disposition hearing does not resolve the case or finalize the terms of the juvenile's treatment or rehabilitation. Instead, it is procedural in nature and does not meet the criteria for a final judgment. See *Interest of S. W.*, 363 Ga. App. 666, 672 (3) (872 SE2d 316) (2022) (finding that a juvenile court's failure to enter a final disposition order left no judgment for appellate review, emphasizing that "a judgment must be entered before an appeal is taken").

DHS maintains that the order is directly appealable as an injunction pursuant to OCGA § 5-6-34 (a) (4)[1] or under the collateral order exception to OCGA § 5-6-34 (a) (1)[2]. But we need not determine whether the subject appeal falls within one of the

[1] OCGA § 5-6-34 (a) (4) authorizes a direct appeal from "[a]ll judgments or orders granting or refusing applications for receivers or for interlocutory or final injunctions[.]"

[2] The collateral order exception is to be applied if the order (1) resolves an issue that is "substantially separate" from the basic issues to be decided at trial, (2) would result in the loss of an important right if review had to await final judgment, and (3) completely and conclusively decides the issue on appeal such that nothing in the

exceptions as argued by the DHS. At the hearing resetting the disposition hearing and releasing J. J. from detention, a juvenile court intake officer testified that there was a family preservation referral in place for J. J. that was on hold because of his detention. She further informed the juvenile court that the DFACS case worker assigned to J. J. was no longer there and would "reach out to DFACS to see who is going to be assigned to the case." The DHS does not dispute that a family preservation referral was in place prior to the juvenile's court order directing it to do so in the current appeal.[3]

The issue of the presence of a justiciable controversy is also "a jurisdictional one, inasmuch as no court — trial or appellate — has jurisdiction of the subject matter in a case that presents no justiciable controversy[.]" *Fulton County v. City of Atlanta*, 299 Ga. 676, 676, n. 2 (791 SE2d 821) (2016) (the issue of justiciable controversy is a jurisdictional one, which we consider sua sponte). A justiciable controversy is one that is "definite and concrete, rather than hypothetical, abstract, academic, or moot."

---

underlying action can affect it. *In re Paul*, 270 Ga. 680, 682, 682-683 (513 SE2d 219) (1999).

[3] The DHS comments that "the earlier family-preservation referral does not change this analysis," with no meaningful explanation as to why the family preservation referral already in place is not relevant to this appeal.

(Citation and punctuation omitted.) *Heron Lake II Apts. v. Lowndes County Bd. of Tax Assessors*, 306 Ga. 816, 820 (2) (833 SE2d 528) (2019). When, as here, the act that is the subject of the requested relief has already been completed, the matter is moot and no longer subject to appeal. *Symphony Medical v. FFD GA Holdings*, 370 Ga. App. 66, 69 (2) (893 SE2d 810) (2023). See *In the Interest of T.H.*, 319 Ga. App. 216, 218 (735 SE2d 287) (2012) ("Consistent with its requirement that appellate courts address only those rulings that 'may affect the proceedings below,' OCGA § 5-6-34 (d) expressly provides that '[n]othing in this subsection shall require the appellate court to pass upon questions which are rendered moot.' Thus, the general rule is that appellate courts do not consider moot questions") (citations and punctuation omitted).

Here, there was testimony that an earlier family preservation referral was in place but on hold during the pendency of J. J. 's incarceration. There was also testimony that DFACS would be contacted and informed about J. J.'s release. There is no evidence that the earlier order was vacated or otherwise not in effect at the time of the reset and motion to release hearing.

Thus, there is no justiciable controversy that necessitates judicial resolution, and without such a controversy, this Court lacks jurisdiction to act.

*Appeal dismissed. Brown, C. J., and Watkins, J., concur.*